944 F.2d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Charles S. RILEY, Jr., Cheryl A. Riley, Debtors.
RUNGE FURNITURE, Appellant,
v.
Charles S. RILEY, Jr., Cheryl A. Riley, Appellees.
 No. 90-35867.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 28, 1991.
Decided Sept. 17, 1991.
 
 Before WALLACE, Chief Judge, and KOELSCH and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We are clear that the Bankruptcy Appellant Panel was correct in its reasoning disposing of the points urged by Runge Furniture and in its determination that this court's decision in the case of In re Matthews, 724 F.2d 798 (9th Cir.1984), was dispositive of the instant controversy and required decision for Charles S. Riley, Jr. and Cheryl A., his wife, the bankruptcy debtors.
 
 
 3
 The conclusion is manifest that each of the successive purchase money security agreements effected material changes in its predecessor: the sum owing Runge Furniture Co., the creditor, was increased to reflect the price of the additional household goods being purchased, the interest rate specified in the earlier agreement was changed as was also the amount and due date of the deferred installment payments.
 
 
 4
 In short, these changes constituted a conversion of Runge's interest in the previously sold goods to a "nonpossessory, nonpurchase-money security interest in collateral" (11 U.S.C. 522(f)) and destroyed Runge's purchase money security interest. It necessarily follows that all the household goods, save the single one purchased last, a television set, are within the purview of § 522(f) and to that extent do not constitute security for Runge's claim of indebtedness.
 
 
 5
 AFFIRMED--NO COSTS.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3